# Hilkert v. Pennsylvania Department of Highways

*Smith, Eves and Keller,* for petitioners.
*Arthur M. Peters,* for Commonwealth.

KREISHER, P. J., August 5, 1965. — The landowners in this case executed a release in favor of the Commonwealth for construction of the Keystone Shortway over a portion of their land. During construction, the contractor entered upon land outside the highway right-of-way and opened drainage ditches.

The landowners sued the contractor for damages. The Commonwealth was granted leave to intervene.

Commonwealth's motion to dismiss, on the ground that the controversy was governed by the State Highway Law, June 1, 1945, P. L. 1242, sec. 417, 36 PS §640-417, was allowed in an opinion filed to September term, 1963, no. 38.

The landowners then filed a petition for the appointment of viewers, in accordance with said act, and the court made the appointment. On the day before the view was to be held, the Commonwealth moved to dismiss the proceedings by reason of its release. A rule was granted, and the matter is now before us for disposition.

In addition to the said State Highway Law, the Pennsylvania Keystone Shortway Act of June 10, 1955, P. L. 157, sec. 9, 36 PS §666.9, provides for the appointment of viewers to assess damages resulting outside the damages covered under the Eminent Domain Code of June 22, 1964, P. L. 84. Said State Highway Law provides: "The department shall have authority to enter upon any lands or enclosures, and cut, open, maintain, and repair such drains or ditches, inlets or outlets through the same as are necessary to carry the waters from roads, highways, or within, at the top, or base of, slope areas, constructed or improved at the expense of the Commonwealth or under its supervision. Any damages sustained by the owner or owners of land entered upon by the department for such purposes, shall be paid in the same manner as provided by this act in the construction of State highways. The determination of the amount of damage shall be in accordance with the provisions of Article III of this act".

Words used in a statute are to be given their ordinary use and meaning. The language above quoted seems clear and unambiguous to us. The viewers are arms of the court, with power and authority to pass upon both questions of law and questions of fact. Their report is not final, and either party has the right of appeal. We

conclude the landowner is entitled to have his rights determined, and that his case should not be summarily dismissed. Therefore, without further comment, we enter the following:

### ORDER OF COURT

And now, to wit, August 5, 1965, the rule heretofore issued to show cause why the board of view appointed by this court should not be discharged is hereby dismissed, and the said board is hereby authorized to proceed upon its duties, according to law. An exception is noted on behalf of the Commonwealth.